```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHERITA CHANEY          :
                        :
         Plaintiff,     :      09cv7593(HB)
                        :
    -against-           :
                        :      ORDER
GREYHOUND LINES, INC.   :
                        :
         Defendants.    :
------------------------------------------------------------x

**Hon. HAROLD BAER, Jr., District Judge:**

On September 1, 2009, this action, originally filed by *pro se* Plaintiff Sherita Chaney ("Chaney") in New York state court, was removed to this court. Chaney is a former employee of Defendant Greyhound Lines, Inc. ("Greyhound"). She alleges that Defendant "made false statements" and took actions contrary to "contract rules" and "procedures," and implies that she was terminated as a result of these actions. On December 3, 2009, Chaney filed an application with the Court for counsel. For the following reasons, Chaney's application is DENIED WITHOUT PREJUDICE.

"Unlike criminal defendants, prisoners and indigents filing civil actions have no constitutional right to counsel." *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). Upon application by a party in a civil case for pro bono counsel, a court in this District may add an applicant's name to a list circulated to a "Pro Bono Panel" for volunteer attorneys. *See* 28 U.S.C. §1915(e)(1). But such an addition in no way guarantees that the applicant will be represented by counsel. There are few lawyers but many applicants. In determining whether to assign counsel to an indigent civil litigant, a court must "look first to the 'likelihood of merit' of the underlying dispute." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (quoting *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997)). Courts should not grant applications for counsel "indiscriminately." *Cooper v. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

Applying the foregoing principles to the Complaint, the Court concludes that appointment of pro bono counsel in this case is not warranted at this time. This is not to say that pro bono counsel will never be appropriate, but rather that presently there is no way from the papers before me to determine whether the claim has merit. For example, there are no reports or

1

other documents to corroborate the alleged incident attached to the Complaint, and there is no specific explanation for why she was told she was terminated and why she thinks she was terminated. Although a plaintiff is not required to prove her case in her complaint, *see* FED. R. CIV. P. 8, the Court cannot determine from Chaney's Complaint that her claim likely has merit.

Accordingly, Chaney's application for the appointment of counsel is DENIED WITHOUT PREJUDICE. The Clerk of the Court is instructed to close the relevant open motion (Docket No. 10).

Both parties are reminded to follow the timetable established by the Pretrial Scheduling Order: (1) the case will be tried in October 2010; (2) the deadline for discovery is April 16, 2010; and (3) the deadline for fully-briefed dispositive motions is July 30, 2010. The deadline to add new parties or a new cause of action has already lapsed.

**SO ORDERED**
**New York, New York**
**December 29, 2009**

_____
United States District Judge