UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SHERITA CHANEY,                                 :
                                                :
                         **Plaintiff,**      :
                                                :         09 CV 7593 (HB)
           - against -                     :
                                                :         OPINION &
GREYHOUND LINES, INC.                           :         ORDER
                                                :
                         **Defendant.**       :
                                                :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

      The plaintiff, Sherita Chaney ("Plaintiff" or "Chaney"), was a bus driver for the defendant, Greyhound Lines, Inc. ("Defendant" or "Greyhound").  In early 2009, she was terminated by Defendant for allegedly failing to obey a direct order to return her bus to a certain location.  Chaney brought suit in August 2009, and alleges that Greyhound breached their contract with her.  Plaintiff was also a union member, and claims that the union failed to adequately represent her in the termination dispute.  Greyhound moved to dismiss, and for the reasons that follow, that motion is GRANTED.  However, Chaney will have twenty (20) days from the date of this opinion to replead and file a new complaint.

                                **I.    FACTUAL BACKGROUND**

      On July 11, 2005, Greyhound hired Chaney as a driver for the bus company.  Compl. ¶ 3.  Chaney operated out of Greyhound's New York City terminal at 625 8th Avenue, New York, New York.  *Id.*  Chaney was a member of a union, apparently the Amalgamated Transit Union National Local 1700 (the "Union"), with whom Greyhound had a collective bargaining agreement ("CBA").  *See* Compl. ¶ 5; Girshon Aff., Ex. B (Memorandum of Agreement between Greyhound and Union).

      On August 1, 2009, the *pro se* Plaintiff filed this suit against Greyhound.  According to the Complaint, on January 27, 2009, Greyhound made "false statement [sic]" about Plaintiff, and breached the CBA because "they took actions that did not follow by the contract rules nor procedures."  Compl. ¶ 4.  Moreover, she states that the Union did not represent her interests "to

1

the fullest" because it allowed Greyhound to "cover up the wrongdoings." *Id.* at ¶ 5. She does not affirmatively state that she was terminated from her employment, but she does say that the actions "cost [her] place of living" and she now has "no way to support [herself] or [her] family." *Id.* at ¶ 6.

Although it is not clear from the Complaint why Greyhound terminated Chaney's employment, other documents suggest the alleged reasons for her termination.[1] Chaney was terminated from her employment because she allegedly "fail[ed] to follow … directives given to her clearly … as she displayed the most unprofessional conduct while in Philadelphia, PA ..." E-mail from Roderick Gibson, Assistant Operations Manager, Greyhound, to Rachel Harris, Operations Manager, Greyhound (January 27, 2009) (on file with Court). Specifically, when instructed to park her bus in the garage, Chaney supposedly refused to do so, and left it at the terminal. Letter from Victor McCoy, Operations Supervisor, Greyhound, to Rachel Harris, Operations Manager, Greyhound (January 27, 2009).

This suit was initially brought to New York State Supreme Court, but Greyhound filed a notice of removal to this Court. Greyhound subsequently filed a motion to dismiss Chaney's Complaint under Rule 12(b)(6). In response, Plaintiff argued that Greyhound did "not give her the proper chance to provide the facts of the matter." Chaney Affirmation in Opp'n to Mot ("Cheney Affirmation")[2]. She claimed that there are recorded tapes of phone conversations between the parties, which "support the facts." *Id.* There are also witnesses, who are "willing to give statements." *Id.* However, she does not provide any additional facts that more fully explain precisely what happened with regard to her termination, and representation, if any, by the Union. There is no indication that Plaintiff went through a grievance process, arbitration, or any similar union-based process. She does suggest, however, that certain union representatives failed to provide her version of the events and that her employer's termination decision was improper and had to be modified. *See* Chaney Affirmation. On two separate occasions, in December 2009 and April 2010, this Court sent letters to *pro se* Plaintiff seeking further elaboration of her claims, and urging that without further information she risked dismissal.. There was no further response or information provided.

---

[1] These documents were provided to the court at or around the Rule 16 Pretrial Conference. They are attached to this opinion so that they are made part of the permanent record.

[2] Plaintiff's affirmation is not paginated, but is only three pages long, including the affidavit of service.

2

## II.   DISCUSSION

### A.  Legal Standard

A complaint will be dismissed under Rule 12(b)(6) if there is a "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P.12(b)(6).  To survive a motion to dismiss on this ground, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Where the court finds well-pleaded factual allegations, it should assume their veracity and determine whether they "plausibly give rise to an entitlement to relief." *Id.* at 1950.  A court must accept as true all of the factual allegations in the plaintiff's complaint, *see, e.g., Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009), and may consider "undisputed documents, such as a written contract attached to, or incorporated by reference in, the complaint," *Chapman v. New York State Div. for Youth*, 546 F.3d 230, 234 (2d Cir. 2008) (internal citations and quotations omitted).  "A party appearing without counsel is afforded extra leeway in meeting the procedural rules of litigation," and "courts should not allow a *pro se* litigant's rights to be impaired by harsh application of technical rules." *Sims v. Blot*, 534 F.3d 117, 133 (2d Cir. 2008) (internal quotations and citations omitted).   Still, the Second Circuit has held that a liberal reading of a complaint does not exempt the *pro se* plaintiff from "compliance with relevant rules of procedural and substantive law," and the complaint must still satisfy basic pleading requirements.  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *see also Harris v. Mills*, 572 F.3d 66, 68 (2d Cir. 2009) ("[t]he…claims are legally insufficient even when read with the lenity that must attend the review of *pro se* pleadings").

### B.  Plaintiff Attempts to Bring a "Hybrid" § 301 Action

The Complaint does not expressly state Plaintiff's cause of action, but the allegations indicate that she is suing for breach of contract by Greyhound and a failure by the Union to properly represent her.  Breach of contract claims that arise out of a collective bargaining agreement are governed by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  *See McKee v. Transco Products, Inc.*, 874 F.2d 83, 85 (2d Cir. 1989).  "An employee may bring a claim against his employer (or former employer) alleging that it breached a

3

collective bargaining agreement, but because such claims require interpretation of the terms of the CBA, they are governed under the LMRA, and not ordinary breach-of-contract principles." *Lomako v. New York Inst. of Tech.*, No. 09 Civ. 6066(HB), 2010 WL 1915041, at *7 (S.D.N.Y. May 12, 2010) (citing, *inter alia*, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988)).

       Plaintiff's allegations suggest what is known as a "hybrid" § 301 claim. "A hybrid case is one in which the employee has a cause of action against both the employer and the union. The claim against the employer is that it violated the collective bargaining agreement. The claim against the union is that the union did not properly represent the employee in pressing [her] grievance against the employer." *McKee*, 874 F.2d at 86; *see also Dennis v. L.B.T. Union*, No. 07 Civ. 9754(HB), 2009 WL 1473484, at *3-4 (S.D.N.Y. May 27, 2009). The allegations in this case, that Greyhound breached her contract and the Union failed to properly represent her, clearly present a hybrid claim. It makes no difference that Chaney's suit is only against Greyhound. "What makes a case a 'hybrid' action against both union and employer is the nature of the claim, not the identity of the parties." *McKee*, 874 F.2d at 86. While Chaney may only want to sue Greyhound, an employee can only maintain a breach of contract action that is based on her CBA if she can first prove the Union breached its duty of fair representation in handling her grievance. *See Carrion v. Enter. Assoc.*, 227 F.3d 29, 34 (2d Cir. 2000). "The law is clear that regardless of who is named as a defendant, a hybrid claim is presented if an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both." *Id.* (internal quotation omitted). In other words, the LMRA preempts any potential common law breach of contract claim that could be liberally construed from Plaintiff's complaint, and her claim can only be treated as a hybrid § 301 claim.[3]

### C. Plaintiff Fails Allege Sufficient Facts to State a "Hybrid" § 301 Claim

"To establish a hybrid § 301/[fair representation] claim, a plaintiff must prove both that (1) the employer breached a collective bargaining agreement and (2) the union breached its duty of fair representation vis-à-vis the union members." *White v. White Rose Food*, 237 F.3d 174,

---

[3] Nor can Chaney split her hybrid case, and pursue a "straightforward, or 'pure' § 301 action." *Carrion v. Enter. Assoc.*, 227 F.3d 29, 34 (2d Cir. 2000). "A pure § 301 action is a suit brought directly by a union against an employer to enforce the CBA." *Id.*

178-79 (2d Cir. 2001).  To demonstrate that the union breached its duty of fair representation a plaintiff must satisfy two conditions.  First, she must show that the conduct of the union towards her is "arbitrary, discriminatory, or in bad faith."  *Id.* at 179. (quoting *Marquez v. Screen Actors Guild*, 525 U.S. 33, 44 (1998)); *see also Dennis*, 2009 WL 1473484, at *4.  A union's action qualifies as "arbitrary…only if…the union's behavior is so far outside a wide range of reasonableness as to be irrational."  *White*, 237 F.3d at 179 (internal quotations omitted).  Bad faith "encompasses fraud, dishonesty, and other intentionally misleading conduct," and further requires evidence that the union "acted with an improper intent, purpose or motive."  *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d l20, 126 (2d Cir. 1998); *see also White*, 237 F.3d at 179.  In addition to establishing that the union's conduct is "arbitrary, discriminatory, or in bad faith," the Second Circuit requires that there be a causal connection between the union's wrongful conduct and their alleged injuries.  *See, e.g., White,* 237 F.3d at 179; *Spellacy*, 156 F.3d at 126.

In the present case, Plaintiff's allegations are insufficient to plausibly infer that she has a valid claim.  There is a dearth of factual allegations in the Complaint.  Chaney does not provide facts to fairly suggest that Greyhound breached the CBA, and only makes conclusory statements that Greyhound "made false statement[s]" and "did not follow by the contract rules nor procedures."  Compl. ¶ 4.  In her opposition to Defendant's motion, Chaney states that she did not breach "the agreement in the contract," and that they handled her improperly "in Philadelphia."  *See* Chaney Affirmation.  A very liberal reading of Plaintiff's pleadings suggests that she thinks Greyhound breached the CBA by terminating her because she was fired without cause and was terminated without following proper procedures.

Even if this Court accepted that Plaintiff meets the first prong of a hybrid claim, however, she still has failed to satisfy the second prong of the analysis.  Chaney does not allege any facts that suggest the Union failed to adequately represent her, and only states that the Union "fail [sic] to adequately prepare and represent [sic] to the fullest."  Compl. ¶ 5.  This merely paraphrases the second prong of a hybrid claim, and is devoid of any facts to indicate in what way the Union failed to represent Chaney.  She does not provide any real explanation as to whether they took actions that were arbitrary, discriminatory, or in bad faith.  *See White*, 237 F.3d at 179.  "[A] union's duty of fair representation permits a broad range of discretion in carrying out its role as representative, and judicial review of union actions must be highly deferential."  *Dennis*, 2009 WL 1473484, at *4 (internal citations and quotations omitted).

5

Although Chaney states in her opposition that her side of the dispute that led to her termination was not presented, this alone is simply not enough, even given the lenity provided for a *pro se* plaintiff, to infer that the Union's conduct was so arbitrary, discriminatory, or in bad faith that it failed to adequately represent the Plaintiff. Indeed, in a similar case before this Court, the Plaintiff more clearly alleged that, among other things, the Union attorney refused to present favorable evidence or witnesses at an arbitration hearing. *See Dennis*, 2009 WL 1473484, at *5. Even if Chaney intended to make this claim with her few sentences about the dispute, "a union attorney's failure to present evidence or witnesses or to prevail at the arbitration are insufficient to form the basis of an unfair representation claim." *Id.*; *see also United Steelworkers of Am. v. Rawson,* 495 U.S. 362, 372-73 (1990) (finding mere negligence does not state a claim for unfair representation); *Barr v. United Parcel Serv., Inc.,* 868 F.2d 36, 43 (2d Cir.1989) (finding tactical errors in failing to present witnesses and inadequate representation by union agent were insufficient to demonstrate bad faith or arbitrariness); *Cook v. Pan Am. World Airways, Inc.,* 771 F.2d 635, 645 (2d Cir.1985) (finding failure to prevail before arbitrator does not establish breach of duty of fair representation).

Given the difficulties faced by many *pro se* plaintiffs, and the need to construe their claims liberally, I am reticent to dismiss at this stage of the litigation.. Further, despite the very limited pleading, Plaintiff does at least hint at a potentially colorable claim. It is possible that a more detailed set of factual allegations about the circumstances surrounding Plaintiff's termination —if Plaintiff clearly explains how Greyhound violated her contract and how the Union failed to protect her rights— would be sufficient to survive a motion to dismiss. Moreover, although Defendant raised a strong legal challenge to the complaint, it did not provide many facts that would suggest there is "nothing here."[4] And given the fact that Plaintiff is *pro se*, of limited financial means, and appears to have somewhat limited writing skills, I will allow Plaintiff another opportunity to plead her case. Plaintiff may have twenty (20) days from the date of this opinion to submit a factual description of the events surrounding her termination, and specifically why she believes her employer breached her contract and her union failed to properly represent her. Failing receipt of such a new pleading, the matter will be dismissed.

---

[4] This is not intended as a critique of Defendant's generally strong motion practice, nor to suggest that they bear any sort of factual burden at this stage. I merely raise this point to highlight that Plaintiff's claim have not been shown to be factually implausible, but that she simply has not pled many facts.

## II. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff will have twenty (20) days to replead the factual allegations in her complaint, and failure to do so will result in dismissal of this case. The Clerk of the Court is instructed close this motion.

**SO ORDERED**
June 23, 2010
New York, New York

_/s/ Harold Baer, Jr._

Hon. Harold Baer, Jr.
U.S.D.J.